# Exhibit A

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

2011 JAN -3 P 2: 07

*Attorneys for Plaintiff Jesse Meyer, on his own
behalf, and behalf of all others similarly situated*

# VIA FAX

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JESSE MEYER, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>        Defendants. | No.  37-2011-00083047-CU-BT-CTL<br><br>CLASS ACTION COMPLAINT FOR<br><br>(1)  VIOLATION OF THE TELECOMMUNICATIONS PRIVACY ACT, 47 U.S.C § 227; AND<br><br>(2)  DECLARATORY RELIEF, CODE OF CIVIL PROCEDURE, § 1060. |

## CLASS ACTION COMPLAINT

Plaintiff Jesse Meyer ("Meyer" or "Plaintiff"), makes this complaint against Defendant Portfolio Recovery Associates, Inc. ("PRA" or "Defendant"), and Does 1 to 100 (collectively, "Defendants"). Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation of publicly available documents and interviews with witnesses, and information and belief.

### Introduction

1.    Defendant's business is the collection of accounts receivables from consumers. This case arises from Defendant's commission of unlawful acts in the course of making

EXH____A____PG____1____

telephone calls to consumers' cellular telephones. PRA uses an automatic telephone dialing system (also known as an autodialer) to make telephone calls to cellular telephone numbers, often without the prior express consent of the subscriber responsible for the cellular telephone number. This practice violates the Telecommunications Privacy Act (47 U.S.C § 227).

2.      Plaintiff has sustained actual damages and lost money and property in the form of wasted or lost cell phone airtime. Plaintiff's actual damages also include emotional distress. Plaintiff seeks injunctive relief and statutory damages on his class claim under the TCPA, as well as actual damages and declaratory relief on his individual claims.

### Parties

3.      Plaintiff Jesse Meyer is a natural person residing in San Diego, California. Meyer brings this action on behalf of himself and others similarly situated.

4.      Defendant Portfolio Recovery Associates, Inc. is a Delaware limited liability company which maintains its offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA is a debt collector.

5.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff. On information and belief, all Doe Defendants are citizens of California.

6.      Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or

EXH ___A___ PG ___2___

implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

7.     All Defendants, including Does 1 through 100, are collectively referred to as "Defendants" or "PRA."

8.     Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

### Jurisdiction and Venue

9.     This Court may exercise jurisdiction over this case and these parties under Code of Civil Procedure § 410.10. This is a court of general jurisdiction, and the amount in controversy exceeds this court's jurisdictional minimum. Plaintiff and all members of the proposed Class are California residents.

10.    The TCPA permits plaintiffs to, "if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" for violations. 47 U.S.C. § 227(b)(3). The TCPA does not provide for federal subject matter jurisdiction. (See *Murphey v. Lanier* (9th Cir. 2000) 204 F.3d 911, 915.)

11.    Venue in this County is proper under Code of Civil Procedure section 395.5, because PRA's liability arose in the County of San Diego.

12.    All allegations in this complaint are based on information and belief and/or the documents and information currently available and in the hands of Plaintiff's attorneys, and are such that additional evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

### The Telecommunications Privacy Act

13.    Congress enacted the Telecommunications Privacy Act in 1991. The TCPA prohibits certain uses of telecommunications equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

Class Action Complaint                    3

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . .

47 U.S.C. § 227(b)(1)(A).

14.     The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may . . . bring . . . an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such violation, an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both . . . If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above].

47 U.S.C. § 227(b)(3).

## Plaintiff's Individual Allegations

15.     Meyer's individual allegations arise from PRA's attempts to collect an alleged account balance which PRA purchased from the Computer Learning Center.

16.     One of PRA's representatives called Meyer's cell phone on or about September 1, 2010. Meyer almost immediately terminated the call, and did not indicate to PRA that he consented to calling his telephone.

17.     PRA called Meyer's cell phone on November 4, 2010. During that call, Meyer asked the representative how PRA obtained his number, and the representative said only that PRA "had ways of getting numbers." Afterwards, Meyer indicated that PRA was calling a cellular telephone number, instructed PRA not to call him again, and terminated the call.

18.     PRA again called Meyer's cell phone on December 14, 2010. During that call, Meyer stated that he had an attorney, that PRA should not to call him again, and then terminated the call.

19.     **PRA Called Meyer's Cellular Telephone With An Autodialer:** On information and belief, PRA placed the September 1, November 4, and December 14 calls using an autodialer, i.e., no human manually entered Meyer's cellular telephone number – rather, PRA's telephone system electronically dialed Meyer's cellular telephone when it placed those calls.

EXH_____A_____PG____4____

1 PRA's telephone system is capable of storing, producing, and dialing any telephone number, and

2 is capable of storing, producing, and dialing telephone numbers using a random or sequential

3 number generator. PRA's telephone system otherwise constitutes an "automatic telephone

4 dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

5     20. **PRA Called Meyer's Cellular Telephone Without His Prior Express**

6 **Consent:** Meyer last took classes from the Computer Learning Center in or about 1998 or 1999.

7 Meyer did not obtain a cellular telephone until in or about 2003. Meyer never provided his

8 cellular telephone number to the Computer Learning Center or to PRA, and did not consent

9 (either expressly or impliedly) to their using or calling his cellular telephone number. Rather, on

10 information and belief, PRA obtained his cellular telephone number from a skip-tracing service.

11 Meyer's cellular telephone number is assigned to AT&T Mobility Wireless Operations Holdings,

12 Inc., which is a cellular telephone service.

13                         **Class Certification Allegations**

14     21. **Class Definition:** Meyer seeks to certify a class and brings this Complaint against

15 the Defendants, pursuant to Code of Civil Procedure section 382, on behalf of himself and the

16 following class:

17
18
19
      All natural persons residing in California at the time this Complaint is filed who
received one or more telephone calls from Defendants or their agents to such
person's cellular telephone number, where Defendants did not obtain such cellular
telephone number from a voluntary transaction between the person and some third
party that assigned or sold any debt or claim resulting from such transaction to
Defendants ("the Class").

20
21 Excluded from the class are Defendants, any entity in which Defendants have a controlling

22 interest or which has a controlling interest in Defendants, and Defendants' agents, legal

23 representatives, predecessors, successors, assigns, and employees. Also excluded from the class

24 are the judge and staff to whom this case is assigned, and any member of the judge's immediate

25 family. Meyer reserves the right to revise the definition of the Class based on facts learned

26 during discovery. Meyer is a member of the Class that he seeks to represent.

27     22. Consistent with the definition of the Class set forth above, Meyer does not allege

28 that *all* of PRA's calls to California residents violated the TCPA or is included in the Class. First,

---

Class Action Complaint          5

it is very likely the large majority of PRA's calls were made to landline telephones, rather than to cellular telephones. (The calls to cellular telephones can be readily identified by comparing the telephone numbers PRA made to commercial databases.)

23. Likewise, Meyer does not allege that all of PRA's calls to California cellular telephone numbers are included in the class either. As defined above, the Class excludes any calls to cellular telephone numbers which numbers PRA obtained from an original creditor. PRA's business involves purchasing defaulted accounts receivables from third party creditors. Consumers frequently provide their telephone numbers in the course of purchasing goods or services from such creditors. The Class excludes any calls where the consumer voluntarily gave his or her cellular telephone number to a creditor as part of a transaction, and then the creditor gave PRA the telephone number when it assigned or sold the resulting defaulted account receivable to PRA. Based on the information currently available to him, Meyer believes and so alleges that the majority of PRA's calls involve numbers which were obtained in this manner (and are therefore excluded from the Class).

24. In contrast, the Class only includes calls where the original creditor did not provide PRA the telephone number and PRA instead obtained the telephone number from some other source (in particular, a skip-tracing service). The Class includes situations where, for example, Class members changed their cellular telephone number after transacting with the original creditor, gave the creditor a landline telephone number or a different cellular telephone number, or simply never gave the creditor any telephone number whatsoever. On information and belief, these calls can be readily identified by cross-referencing PRA's own records.

25. **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants. Inferring from PRA's size, the likely volume of its calls, and the inadequacy of its training, Plaintiff asserts that individual joinder of all members of the Class is likely to be impracticable. However, Meyer expressly disavows any allegation that the number of Class members necessarily equals or exceeds 100.

26. **Class Commonality:** Common questions of fact and law exist as to all members

---

Class Action Complaint                                 6

EXH____A____PG____6____

of the Class and predominate over the questions affecting only individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member.

27. **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is not different in any relevant way from any other member of the Class, and the relief he seeks is common to the Class.

28. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class: his interests do not conflict with their interests. Plaintiffs have retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

29. **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendant's misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

30. **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on

EXH____A____PG____7____

1  Defendants' conduct, not on facts or law applicable only to Plaintiff.

2      31.   **Injunctive Relief is Appropriate:** Based on information and belief, PRA

3  continues to engage in the improper practices discussed above. Injunctive relief is necessary and

4  appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class

5  members for which they have no adequate remedy at law.

6  **Class Allegations**

7      32.   PRA makes outgoing calls to consumers and others in the regular course of its

8  business. PRA's telephone system uses an autodialer: i.e., when the telephone system makes a

9  call, it dials the numbers electronically, so that no human manually dials any telephone numbers.

10  PRA's telephone system is capable of storing, producing, and dialing any telephone number, and

11  is capable of storing, producing, and dialing telephone numbers using a random or sequential

12  number generator. PRA's telephone system otherwise constitutes an "automatic telephone

13  dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

14      33.   PRA frequently uses skip-tracing services to identify telephone numbers used by

15  consumers whom PRA wishes to call. PRA does not obtain these numbers from the original

16  creditor. A significant proportion of Californians use cellular telephones, and the same

17  proportion of numbers are assigned to a cellular telephone service.

18      34.   When PRA obtains such numbers from a skip-tracing service, it does not have

19  prior express consent to call those numbers. Consistent with the definition of the Class set forth

20  above, the Class members are persons residing in California who (1) received a call that was

21  automatically dialed by PRA's telephone system; (2) to their cellular telephone number; (3)

22  which number PRA obtained from a skip-tracing service, and not as the result of the Class

23  member's transaction with a creditor or alleged creditor.

24  **FIRST CAUSE OF ACTION:**<br>**Violation of TCPA Against PRA**<br>**by Plaintiff Individually and on Behalf of the Class**

25

26      35.   Plaintiff hereby incorporates by reference the allegations contained in all

27  preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the

28  Class Members.

EXH_____A____PG_____8____

36. PRA makes outgoing calls to consumers and others in the regular course of its business. PRA's telephone system uses an autodialer: i.e., when the telephone system makes a call, it dials the numbers automatically, so that no human manually dials any telephone numbers. PRA's telephone system is capable of storing, producing, and dialing any telephone number, and is capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. PRA's telephone system otherwise constitutes an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

37. PRA frequently uses skip-tracing services to identify telephone numbers used by consumers whom PRA wishes to call. PRA does not obtain these numbers from the original creditor. A significant proportion of Californians use cellular telephones, and a similar proportion of numbers are assigned to a cellular telephone service. When PRA obtains such numbers from a skip-tracing service, it does not have prior express consent to call those numbers.

38. PRA violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Meyer and the other members of the Class (1) that were automatically dialed by PRA's telephone system; (2) made to a cellular telephone number; (3) which number PRA obtained from a skip-tracing service, and not as the result of the Class member's transaction with a creditor or alleged creditor.

39. Meyer, on his own behalf, and behalf of the other Class members, seeks to recover statutory damages, as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3). Meyer brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Meyer is therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**SECOND CAUSE OF ACTION:**
**Declaratory Relief, Code of Civil Procedure Section 1060**
**By Plaintiff, individually only, against All Defendants**

40. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself only.

41. PRA's efforts to collect money from Meyer arise from an alleged debt for

---

Class Action Complaint 9

purported "services" from the Computer Learning Center. Meyer last took classes from the Computer Learning Center in 1998 or 1999. Whatever other issues Meyer has had with the Computer Learning Center, or whatever other legal defenses Meyer might assert, the alleged debt is dispositively time-barred under Code of Civil Procedure 337.

42. Defendants have asserted that Meyer owes this alleged debt, and Meyer disputes this. There is an actual controversy and dispute between Meyer and Defendants relating to the legal rights and duties of this alleged debt. Disputing this controversy has caused Meyer to incur concrete, actual harm, including lost time and expenses in communicating with Defendants. The controversy between Defendants and Meyer has sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Meyer, on an individual basis and not on a class basis, seeks a declaratory judgment under Code of Civil Procedure section 1060 that he is not liable for the alleged debt.

WHEREFORE, Plaintiff Jesse Meyer prays that the Court enter judgment and orders in his favor and against Portfolio Recovery Associates, LLC and Does 1 to 100 as follows:

a. An order certifying the Class, directing that this case proceed as a class action, and appointing Meyer and his counsel to represent the Class;

b. Judgment against Defendants, and in favor of Meyer and the other Class members in the amount of $500 per violation of the TCPA as proven at trial;

c. Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d. Declaratory judgment against Defendants, and in favor of Meyer, that the alleged debt from the Computer Learning Center is time-barred;

e. An order granting costs and attorneys' fees; and

f. Such other and further relief as this Court may deem appropriate.

EXH_____A_____PG____10

Dated: December 30, 2010

By: _____
Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Jesse Meyer, on his own behalf, and behalf of all others similarly situated*

Class Action Complaint                              11

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PORTFOLIO RECOVERY ASSOCIATES, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESSE MEYER, on his own behalf and on behalf of all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT
COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court, County of San Diego<br><br>220 West Broadway<br>San Diego, California 92101 | **CASE NUMBER:** *(Número del Caso):*<br>37-2011-00063047-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ethan Preston, 21001 N. Tatum Blvd., Ste. 1630-430, Phoenix, AZ 85050, (480) 269-9540

| | | | |
|---|---|---|---|
| **DATE:** JAN - 3 2011<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *T. Lusch* T. Lusch | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXH __A__ PG __12__



CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
TELEPHONE NO.: (480) 269-9540    FAX NO.: (866) 509-1197
ATTORNEY FOR *(Name):* Jesse Meyer

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS: 220 West Broadway
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Hall of Justice-Main

CASE NAME:

FOR COURT USE ONLY

2011 JAN -3 P 2:07

SUPERIOR COURT
SAN DIEGO COUNTY, CA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2011-00083047-CU-BT-CTL JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 30, 2010
Ethan Preston
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

VIA FAX

EXH A PG 13

STREET ADDRESS:      330 West Broadway

MAILING ADDRESS:     330 West Broadway

CITY AND ZIP CODE:   San Diego, CA 92101

BRANCH NAME:         Central

TELEPHONE NUMBER:    (619) 450-7061

PLAINTIFF(S) / PETITIONER(S):      Jesse Meyer

DEFENDANT(S) / RESPONDENT(S):   Portfolio Recovery Associates LLC

MEYER VS. PORTFOLIO RECOVERY ASSOCIATES LLC

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2011-00083047-CU-BT-CTL |
|---|---|

Judge:  John S. Meyer                           Department: C-61

**COMPLAINT/PETITION FILED:** 01/03/2011

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:**  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

**COMPLAINTS:**  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

**DEFENDANT'S APPEARANCE:**  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.)  (SDSC Local Rule 2.1.6)

**DEFAULT:**  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

**CASE MANAGEMENT CONFERENCE:**  A Case Management Conference will be set within 150 days of filing the complaint.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

EXH    A    PG   14

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Edward D. Lodgen, Bar No. 155168
Julia V. Lee, Bar No. 252417
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

Christopher W. Madel
MN Reg. No. 230297 (*pro hac vice pending*)
Jennifer M. Robbins
MN Reg. No. 387745(*pro hac vice pending*)
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
Telephone:    612-349-8500
Facsimile:    612-339-4181

*Attorneys for Defendant Portfolio Recovery
Associates, LLC*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| JESSE MEYER, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br>Defendant. | Case No. 37-2011-00083047-CU-BT-CTL<br><br>[Assigned for all purposes to the Honorable John S. Meyer]<br><br>**NOTICE OF ENTRY OF ORDER APPROVING STIPULATION** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1   TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE THAT the *Stipulation to Extend Time to Respond to Initial*

3   *Complaint By Not More Than 15 Days*, entered by and between the parties on or about January

4   28, 2011 ("Stipulation"), has been approved by the Court on February 16, 2011. A copy of the

5   filed Stipulation and the signed Court Order are attached hereto as **Exhibit 1**.

6   Respectfully,

7

8   DATED: February 2/, 2011        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

9   By _____

10  Edward D. Lodgen
    Julia V. Lee
11  Attorneys for Defendant
    PORTFOLIO RECOVERY ASSOCIATES, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

EXH____A____PG____M____

COPY

1   Edward D. Lodgen, Bar No. 155168
    Julia V. Lee, Bar No. 252417
2   **ROBINS, KAPLAN, MILLER & CIRESI**
    **L.L.P.**
3   2049 Century Park East, Suite 3400
    Los Angeles, CA 90067-3208
4   Telephone: 310-552-0130
    Facsimile: 310-229-5800
5

6

7   *Attorney for Defendant Portfolio Recovery*
    *Associates, LLC*

F I L E D
Clerk of the Superior Court

FEB 1 6 2011

By: G. CERVANTES, Deputy

8       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO**

10

11  JESSE MEYER, an individual, on          No. 37-2011-00083047-CU-CTL
    his own behalf and on behalf of all
12  others similarly situated,              **STIPULATION TO EXTEND TIME**
                                            **TO RESPOND TO INITIAL**
13              Plaintiff,                  **COMPLAINT BY NOT MORE THAN**
                                            **15 DAYS (L.R. 2.1.6)**
14          v.
                                            **Service:**
15  PORTFOLIO RECOVERY
    ASSOCIATES, LLC, a Delaware             **January 4, 2011**
16  limited liability company, and DOES
    1-100, inclusive                        **Current response date:**
17
                Defendant.                  **February 3, 2011**
18
                                            **New response date as to Defendant:**
19
                                            **February 18, 2011**
20

21  / / /

22  / / /

23          Plaintiff Jesse Meyer ("Plaintiff") and Defendant PORTFOLIO RECOVERY

24  ASSOCIATES, LLC ("Defendant"), by and through their respective undersigned

25  counsel, hereby stipulate and agree as follows:

26          WHEREAS Plaintiff served Defendant with a copy of the Complaint on

27  January 4, 2011;

28

81945625.1                          STIPULATION TO EXTEND TIME TO
                                    RESPOND TO INITIAL COMPLAINT

EXH_____A____PG___18___

1  WHEREAS the current due date for Defendant PORTFOLIO RECOVERY

2  ASSOCIATES, LLC to respond to the to the Complaint is February 3, 2011;

3  WHEREAS, Defendant requires additional time to file a responsive pleading

4  to the Complaint.

5  IT IS HEREBY STIPULATED AND AGREED by the undersigned parties,

6  through their counsel of record that the time for Defendant to respond to the

7  Complaint shall be extended by 15 days from February 3, 2011, which is the

8  earliest date a responsive pleading, is due. Thus, Defendant shall file and serve a

9  responsive pleading no later than February 18, 2011. Further, the parties agree that

10  this stipulation may be executed in counterparts and by fax or electronic signature.

11

12

13  DATED: January 19, 2011    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

14

15  By: _____
                Julia V. Lee

16  **ATTORNEYS FOR DEFENDANT**
17  **PORTFOLIO RECOVERY ASSOCIATES, LLC**
    DATED: Jan. 24, 2011    **PRESTON LAW OFFICES**
18

19  By: _____
                Ethan Preston
20

21  **ATTORNEYS FOR PLAINTIFF**
22  **JESSE MEYER**

23

24

25

26

27

28

81945625.1                        - 2 -              STIPULATION TO EXTEND TIME TO
                                                     RESPOND TO INITIAL COMPLAINT

# [~~PROPOSED~~] ORDER

Based upon the Stipulation of the parties, IT IS ORDERED that:

1.     The time for Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC to answer or otherwise respond to Plaintiffs' Complaint shall be extended to no later than February 18, 2011.


DATED:     FEB 1 6 2011     , 2011          By:_____
                                              JOHN S. MEYER

                                              Hon. John Meyer
                                              Judge of the Superior Court

STIPULATION TO EXTEND TIME TO
RESPOND TO INITIAL COMPLAINT

EXH____A____PG____20____

**PROOF OF SERVICE**

I, **Lina Yi**, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is Suite 3400, 2049 Century Park East, Los Angeles, California 90067-3208.

On January 28, 2011, I served a copy of the within document(s): **STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NOT MORE THAN 15 DAYS (L.R. 2.1.6)**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     By Federal Express - Overnight: I caused such envelope to be deposited in a box or other facility regularly maintained by Federal Express in an envelope or package designated by Federal Express with delivery fees paid. addressed as stated above.

Ethan Preston
PRESTON LAW OFFICES
21001 North Tatum Blvd.
Suite 1630-430
Phoenix, Arizona 85050
Tel: (480) 269-9540
Fax: (866) 509-1197
Email: ep@eplaw.us

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 28, 2011**, at Los Angeles, California.

_____
**LINA YI**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

EXH A PG 22

## PROOF OF SERVICE

I, **Lina Yi**, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is Suite 3400, 2049 Century Park East, Los Angeles, California 90067-3208.

On February 2⅃ 2011, I served a copy of the within document(s):

**NOTICE OF ENTRY OF ORDER APPROVING STIPULATION**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Ethan Preston
PRESTON LAW OFFICES
21001 North Tatum Blvd.
Suite 1630-430
Phoenix, Arizona 85050
Tel: (480) 269-9540
Fax: (866) 509-1197
Email: ep@eplaw.us
*Attorney for Plaintiff, Jesse Meyer*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 2⅃, 2011**, at Los Angeles, California.

_____
                                    LINA YI